```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JOSE RODRIGUEZ,

                    Plaintiff,
                                        MEMORANDUM AND ORDER
          -against-                     19-CV-4200 (JS)(AYS)

SUFFOLK COUNTY CORRECTIONAL
FACILITY; JOHN DOES 1-5, SERT Team
Officers, Suffolk County Correctional
Facility; and JANE DOE #1, Medical
Unit, Suffolk County Correctional
Facility,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:     Jose Rodriguez, pro se
                   214602
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, New York 11901

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On July 19, 2019, incarcerated pro se plaintiff Jose Rodriguez ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against the Suffolk County Correctional Facility ("the Jail") and six unidentified officers alleged to work at the Jail ("John Does" or "Jane Doe" and collectively, "Defendants"), together with an application to proceed in forma pauperis. On August 7, 2019, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. For the reasons that follow, Plaintiff's: (1) application to

proceed in forma pauperis is GRANTED; (2) claims against the Jail are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1); (3) remaining claims shall proceed and the Court ORDERS service of the Summonses and Complaint by the United States Marshal Service ("USMS"); and (4) application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time.

DISCUSSION

I. In Forma Pauperis Application

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, because the Jail lacks an independent identity apart from the municipality, Suffolk County, Plaintiff's claims against the Jail are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1); Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations

2

omitted).[1]

The Court ORDERS service of the Summonses and Complaint upon the remaining Defendants by the USMS. However, the USMS will not be able to effect service of the Summonses and the Complaint on the unnamed Defendants without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of Defendants, who are all alleged to be employed by Suffolk County and who are described in the Complaint and alleged to have interacted with Plaintiff on June 2, 2019 and June 5, 2019. The Suffolk County Attorney's Office shall provide the Court and

---

[1] Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against Suffolk County and finds that he has not. To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)). Even affording the pro se Complaint a liberal construction, there are no allegations from which the Court could reasonably construe a plausible Section 1983 claim against Suffolk County.

Plaintiff with the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it.

Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them. The Suffolk County Attorney need not undertake to defend or indemnify any of these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in Valentin.

II. Appointment of Pro Bono Counsel

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61. Where

a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

Notwithstanding the requirement that pleadings drafted by a pro se litigant, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon careful review of the facts presented herein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time. Even assuming Hodge's threshold requirement is satisfied, the record reflects that the legal issues presented by his claims are not unduly complex and that Plaintiff can adequately prosecute his claims himself pro se. Based on this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time. It

5

is Plaintiff's responsibility to retain an attorney or continue to pursue this lawsuit pro se. See 28 U.S.C. § 1654.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis, (D.E. 2), is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) as against the Jail. Plaintiff's remaining claims against individual John Doe and Jane Doe Corrections Officers shall proceed. However, because the USMS will not be able to effect service of the Summonses and the Complaint on the unnamed Defendants without more information, the Clerk of the Court is ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of Defendants, who are all alleged to be employed by Suffolk County and who are described in the Complaint and alleged to have interacted with Plaintiff on June 2, 2019 and June 5, 2019. The Suffolk County Attorney's Office shall provide the Court and Plaintiff with the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by

the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them.

Plaintiff's motion for appointment of pro bono counsel, (D.E. 6), is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time. It is Plaintiff's responsibility to retain an attorney or continue to pursue this lawsuit pro se.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: October  16 , 2019
       Central Islip, New York