UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE RODRIGUEZ,

                            Plaintiff,                         **SUA SPONTE REPORT & RECOMMENDATION**

     -against-

                                                               CV 19-4200 (GRB) (AYS)

SUFFOLK COUNTY CORRECTIONAL
FACILITY, Sheriff's Office, STEVEN
QUINONES, ROBERT MENELLA,
DARREN DODRINGER, C.O. BRIAN
BANGEL, JOHN DOE #5, Suffolk County
Correctional Facility SERT Team Officer,
MARIAN MCDERMOTT WEBSTER,

                           Defendants.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

On July 14, 2019, Pro Se Plaintiff Jose Rodriguez ("Plaintiff"), commenced this action against Defendants Suffolk County Correctional Facility, Steven Quinones ("Quinones"), Robert Menella ("Menella"), Darren Dodringer ("Dodringer"), C.O. Brian Bangel ("Bangel"), John Doe #5, and Marian McDermott Webster (collectively, "Defendants'), alleging, inter alia, that Defendants violated his civil rights, pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff's Complaint alleges that on or about June 2, 2019, Plaintiff was taken from his cell at the Suffolk County Correctional Facility by five SERT Team Officers – Quinones, Menella, Dodringer, Bangel, and John Doe # 5 – and handcuffed and shackled before being brought to an elevator where he was assaulted by the five individuals. Plaintiff alleges that he suffered internal bruising to his ribs, as well as injuries to his back and neck. Plaintiff further alleges that despite numerous requests for medical attention, he was denied access to medical care. (Compl. at 4.)

1

Other than the filing of a Complaint and a handful of letters, Plaintiff has failed to participate in this action entirely. For the reasons set forth below, and, in particular, the fact that Defendants will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that this action be dismissed, with prejudice.

## BACKGROUND

Plaintiff commenced this action pro se on July 14, 2019, while incarcerated. (Compl., Docket Entry ("DE") [1].) An initial conference was held before this Court on January 6, 2020, after Plaintiff's release from custody. Prior to the initial conference, Defendants' counsel notified the Court that Plaintiff had been released from custody and had not provided Defendants with any forwarding address. (DE [27].) According to a further letter from Defendants' counsel, they attempted to serve a copy of the Order scheduling the initial conference on Plaintiff at the Suffolk County Correctional Facility, but the Order was returned as undeliverable, indicating that Plaintiff had been released. (DE [30].) The Court held the initial conference on January 6, 2020, at which time Plaintiff did not appear. Nor did he contact the Court or Defendants' counsel as to his non-appearance. (DE [31].)

By letter dated February 8, 2020, Plaintiff advised the Court that he was again incarcerated and, therefore, was unable to attend the initial conference on January 6, 2020. (DE [32].) As a result, the Court rescheduled the initial conference to March 26, 2020 and directed Defendants' counsel to serve a copy of the Order on Plaintiff. (DE [34].) Defendants' counsel served Plaintiff with a copy of the Court's Order on February 20, 2020. (DE [35].)

As a result of the worldwide COVID-19 pandemic, the initial conference was adjourned a number of times between March 2020 and July 2020. By letter received on June 16, 2020, Plaintiff again requested an adjournment of the initial conference that was scheduled for July 16,

2020, stating that he was scheduled to be transferred from Suffolk County Correctional Center in the near future. (DE [46].) The Court granted Plaintiff's request and adjourned the initial conference to October 6, 2020. (Order of Shields, M.J., dated June 18, 2020.) Defendants' counsel served a copy of the Court's Order on Plaintiff and filed proof of service on July 8, 2020. (DE [48].)

The Court held the initial conference on October 8, 2020 – after adjourning it in August 2020 by two days. Plaintiff did not appear at the initial conference. Nor did he contact the Court or Defendants' counsel as to his non-appearance. During the conference, Defendants' counsel advised the Court that Plaintiff had once again been released from custody and had not provided a new address to Defendants' counsel. Nor did he provide one to the Court. (Order of Shields, M.J., dated Oct. 8, 2020.) The Court adjourned the initial conference again to November 10, 2020 and advised Plaintiff that failure to appear at the next conference may result in a report and recommendation to the District Court that this action be dismissed, with prejudice. (Id.) A copy of the Court's Order was served upon Plaintiff at his last known address prior to his incarceration. (DE [49].)

Plaintiff again failed to appear for the rescheduled initial conference on November 10, 2020. (Order of Shields, M.J., dated Nov. 10, 2020.) Nor did he contact the Court or Defendants' counsel as to his non-appearance. (Id.) The Court advised Defendants' counsel that based on Plaintiff's continued failure to appear for court conferences, it would issue a report and recommendation to the District Court that this action be dismissed for failure to prosecute.

To date, there has been no communication by Plaintiff to the Court. In fact, the docket sheet still reflects Plaintiff's current address as the Suffolk County Correctional Facility, despite

3

the fact that he is no longer incarcerated. At no point during this action has Plaintiff contacted the Court to provide an updated address.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl.

Prot., 16F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

    Here, the pertinent factors weigh in favor of dismissal of this action. Plaintiff has failed to make several appearances in this matter, all of them since being released from custody. Moreover, there has been no contact by Plaintiff with either Defendants' counsel or the Court. Nor does the Court even have an accurate current address for Plaintiff. Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent. Indeed, since its inception, Plaintiff has failed to advance this litigation in any meaningful way.

    At this time, the Court and Defendants are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and has impeded the Defendants' ability to marshal an effective defense. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

    In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF, by February 3, 2021. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
January 29, 2021

      /s/ Anne Y. Shields
      ANNE Y. SHIELDS
      United States Magistrate Judge